**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**ANDREW M. STEIN AND WENDY STEIN**          Case # 24-19720-EPK
**Debtors**

_____/


**ANDREW M STEIN AND WENDY STEIN**
**Plaintiffs**

v.                                                                     Adversary Pro. #24-01386-EPK

**FAVA DESIGN GROUP, LLC;**
**NGM INSURANCE COMPANY**

    **Defendants.**
**---------------------------------/**

## EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF

> **NATURE OF EXIGENCY**
> THE ISSUES RAISED IN ACCOMPANYING ADVERSARY PROCEEDING 24-01386-EPK [ECF 1] WILL NOT BE SUBJECT TO DISPOSITION UNTIL AFTER A DEADLINE HAS PASSED THAT WOULD IMPERIL THE INTERESTS REFERENCED THEREIN.
> . A HEARING IS REQUESTED ON THE INTERIM RELIEF REQUESTED HEREIN BEFORE SEPTEMBER 20, 2024

Plaintiffs/Debtors, ANDREW STEIN AND WENDY STEIN by and through their undersigned counsel, file this EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF against FAVA DESIGN GROUP LLC ("FAVA") and NGM INSURANCE COMPANY ("NGM") (collectively the "Defendants"), and allege and state as follows:

**Jurisdiction and Venue**

1. This is related to the COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF AND APPLICATION OF AUTOMATIC STAY filed in Case #24-01386-EPK as ECF 1.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, 11 U.S.C. §105 and §362 and this matter is governed by Bankruptcy Rules 7001(3) and 7065, incorporating FRCP Rule 65.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. Venue lies in this district pursuant to 28 U.S.C. §1409.

**General Factual Allegations**

5. On September 11, 2024 (the "Petition Date"), the Debtors, Andrew Stein and Wendy Stein (the "Debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code.

6. Pursuant to 11 U.S.C. §541, the commencement of the bankruptcy case created an estate (the "Bankruptcy Estate") which includes all interests of the Debtors in real and personal property.

7. Pursuant to 11 U.S.C. §362, the filing of the case invokes the automatic stay and precludes creditors from "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title " 11 U.S.C. § 362 (a)(2)

8. On the Petition Date, Defendant FAVA held a monetary judgment against the Plaintiffs in the sum of $223,363.69 based on breach of contract damages award in a ruling by the 11th Circuit Court in Miami on April 4, 2024. See Exhibit A

9. To stay enforcement of the judgment, in July of 2024 the Plaintiffs posted a supersedeas bond pending the plaintiffs' appeal of the judgment[1]. See Composite Exhibit B.

10. On July 31, 2024 the Third District Court of Appeals court per curium affirmed the lower court ruling.

11. On or about August 21, 2024, Defendant NGM provided notice to Plaintiffs of its intention to pay out the bond funds to FAVA on or before September 20, 2024.

12. On September 11, 2024, Debtors filed their COMPLAINT SEEKING INJUNCTIVE AND DECLARATORY RELIEF AND APPLICATION OF AUTOMATIC STAY ( Case #24-01386-EPK) seeking declaratory and injunctive relief to stay the transfer of bond funds pending discharge.

**TEMPORARY INJUNCTIVE RELIEF REQUESTED**

13. Collection and enforcement of the FAVA judgment is stayed by virtue of 11 U.S.C §362.

14 Accordingly, the payout of the supersedeas bond would be in furtherance of collection of the judgment amount and would violate the stay.

15. On information and belief, Defendant NGM will disregard the invocation of the stay, and/or will deny the application of the stay to the bond payout, in the absence of

---

[1] The bond is on its face defective; see Par.21 below

constraint by this Court.

16. There is no basis upon which the Plaintiffs would be denied a discharge with respect to the debt to defendant FAVA; ergo the payout of the bond funds would prematurely and prejudicially provide defendant FAVA with a distribution to which it would not be entitled were the plaintiffs to be ultimately discharged.

17. There would be no harm to defendants to await the outcome and disposition of the plaintiff's bankruptcy case before manifesting any rights with respect to the bond. The bond premium rests safely in the hands of NGM.

18. In the absence of a grant of temporary injunctive relief, the time frames in which this matter will be administered and the disposition of the issues raised herein will extend beyond the time in which irreparable harm may occur to the Plaintiffs and the estate, in the form of distribution of the bond funds.

19. Accordingly, Plaintiffs are seeking temporary injunction to maintain the status quo pending disposition of these issues.

20. The interests of the estate are best protected by requiring defendants to stand down pending the outcome of the Plaintiff's bankruptcy case, and to deem that upon discharge, defendants have no further right, title or interest in the supersedeas bond fund.

21. Furthermore, it will be demonstrated that the bond is defective on its face. It is dated July 19, 2023, a year before the judgment. It is not signed by the principals. It is based on a power of attorney that is dated July 19.2023, and then notarized under notary seal referencing September 26, 2019. See Composite Exhibit B.

Wherefore, Plaintiffs/Debtors seek:

1) An order for Temporary Injunctive Relief deeming that payment on the bond is to be stayed until disposition of the discharge of Plaintiffs as Debtors whereupon the bond funds are to be restored to the bond funding source or their assignee;

2) For such other and further relief as is deemed appropriate by the Court.

Respectfully submitted this __ day of September , 2024.

                JULIANNE FRANK, P.A.
                Attorney for Plaintiffs
                4495 Military Trail Suite 107
                Jupiter, Florida
                (561) 389-8660

By: /s/Julianne R. Frank
JULIANNE R. FRANK, ESQ.
Florida Bar No. 315745

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing will be furnished upon obtaining a notice of hearing via CM/ECF to all persons authorized to receive notices, electronically, to all parties listed on the attached Service List who are not authorized to receive notices, electronically, through the Court's CM/ECF in addition to service by U.S. Mail, postage prepaid, to all parties indicated below and upon the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, FL 33130.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A).*

                JULIANNE FRANK, P.A.
                Attorney for Plaintiffs
                4495 Military Trail Suite 107
                Jupiter, Florida
                (561) 389-8660

By: /s/Julianne R. Frank
JULIANNE R. FRANK, ESQ.
Florida Bar No. 315745

SERVICE UPON:

**FAVA DESIGN GROUP LLC**
**C/O**
**FRANK C. MIRANDA, ESQ.**
**F.B.N.:111627**
**3226 W. Cypress St.**
**Tampa, Florida 33607**
frank@fcmlaw.com

**NGM INSURANCE COMPANY**
**55 WEST STREET**
**KEENE, NH 03431**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-020009-CA-01
SECTION: CA15
JUDGE: Jose Rodriguez

**Fava Design Group, LLC**

Plaintiff(s)

vs.

**Andy Stein et al**

Defendant(s)

_____/

## FINAL JUDGMENT FOR PLAINTIFF ON CONTRACT ACTION

THIS ACTION came before the Court for nonjury trial held on two non-consecutive days, August 24, 2022, and November 21, 2022. The Court has considered all pending matters. After reviewing and considering the evidence and testimony presented at trial, respective briefing by the Parties, the written argument of counsel, the Court file, and being otherwise duly advised in the premises, the Court makes the following findings of fact and conclusions of law and enters this Final Judgment.

I. **ACTION TRIED BY THE COURT**

The non-jury trial of this cause was commenced on August 24, 2022, on Plaintiff Fava Design's Amended Complaint and Defendants Steins' Amended Counterclaim.

**Amended Complaint**

In its Amended Complaint, Fava Design asserted the following causes of action, to wit: (1) Breach of Contract;[1] (2) Unjust Enrichment; (3) Open Account; and (4) Account Stated.

**Amended Counterclaim**

In their Amended Counterclaim, the Steins assert the following causes of action, to wit: (1)

Declaratory Judgment; (2) Breach of Oral Contract; and (3) Violation of Florida's Deceptive and Unfair Trade Practices Act.

**Testimony and Evidence Received at Trial**

At trial, the Court received the testimony of Joseph Fava, Camilla Semas, Wendy Stein, Weydel Cruz, and Andrew Stein. The Parties further stipulated to the admission of all proposed exhibits on the Joint Trial Exhibit List, excluding the depositions listed.

II. **FINDINGS OF FACT**

    A.    <u>**General Underlying Facts**</u>

The evidence at trial established that Plaintiff/Counter Defendant, Fava Design, is in the business of performing interior design and purchasing services. Counter Defendant, Joseph Fava is an interior designer and the managing member of Fava Design. Defendants/Counter Plaintiffs, Andrew Stein and Wendy Stein, are the owners of a luxury residence located in Jupiter, Florida.

In 2018 the Steins desired to engage in an extensive remodel of their Jupiter residence. The Steins had previously hired Fava Design to provide interior design services of their primary residence on multiple previous occasions. Fava Design and the Steins entered into an oral contract for the interior design work for the Jupiter residence pursuant to their agreement and their established course of dealing with each other. The Court finds that pursuant to the memorialized written email communications between the Parties, the Steins were responsible for paying all costs associated with the interior design work and purchasing services performed by Fava Design. Additionally, the Parties agreed that the Steins would be responsible for the payment of all freight charges associated with the interior design work and purchasing services. The Court finds that the cost of the remodel project for the Jupiter residence was in excess of $1.3 million dollars, The Court finds that Fava Design successfully performed and completed the interior design work and services for the Jupiter residence pursuant to the agreement between the Parties and their previous

course of dealing. The Court finds that the Steins failed to pay the final statement owed to Fava Design in the amount of $233,363.60 for the interior design work and purchasing services performed by Fava Design for the Steins on the 2018 remodel project. The Court finds that Andrew Stein made one additional $10,000.00 payment to Fava Design, which payment is to be credited to the $233,363.60 final statement amount.

### B.  General Contractor Services

The Court finds that Stonewall Builders, a general contracting company, served as the general contractor for the Jupiter residence remodel project. The Court finds that Defendant Andrew Stein hired Stonewall Builders to serve as the general contractor for the Jupiter residence remodel project. The Court finds that neither Fava Design nor Joseph Fava acted as a general contractor on the Jupiter residence remodel project. The Court further finds that neither Fava Design nor Joseph Fava performed general contractor services on the Jupiter residence remodel project.

### C.  Defendants Steins' Defense is Not Credible

The Court finds that the Steins' defense that they have paid all sums due and owing to Fava Design is not credible, and not supported by the testimony and evidence presented at trial. The Steins asserted as their defense that they have paid each original "Proposal" submitted by Fava Design. As such, they asserted that all financial obligations owed to Fava Design for the 2018 remodel project have been paid in full.

The witness testimony and evidence presented at trial established that the Steins acknowledged making changes to the scope of the work and services identified on the initial Proposals. The witness testimony and evidence further established that the Steins added completely new scopes of requested work and services that could not have been included in the initial Proposals. Additionally, the testimony established that the future charges for freight could

not have been calculated until the items ordered had actually shipped, when the freight charges would then be identified and known and invoiced to the Steins. Therefore, the Court finds that payment of the original Proposals by the Steins does not constitute payment in full to Fava Design by the Steins.

### III.    CONCLUSIONS OF LAW

####    A.    Fava Design's Action for Breach of Contract

In order to recover on a claim for breach of contract Fava Design was required to prove by the preponderance of evidence the elements of the cause of action, which are: 1) existence of a contract, 2) a <u>material</u> breach of the contract, and 3) damages. *Mettler, Inc. v. Ellen Tracy, Inc*., 648 So. 2d 253 (Fla. 2d DCA 1994); *Rollins, Inc. v. Butland,* 951 So. 2d 860 (Fla. 2d DCA 2006); *Friedman v. New York Life Ins. Co*., 985 So. 2d 56 (Fla. 4th DCA 2008); *Baron v. Osman*, 39 So. 3d 449 (Fla. 5th DCA 2010).

The Parties have acknowledged by way of their pleadings and filings, and the Amended Counterclaim, that Fava Design and the Steins entered into an oral contractual agreement for Fava Design to provide interior design work and purchasing services for the Steins for their Jupiter residence remodel project. Fava Design established by a preponderance of the evidence that it fully performed under the oral contract, and that the Steins breached the oral contract by failing to pay Fava Design the remaining balance of $233,363.60 on the final statement submitted by Fava Design for the interior design work and purchasing services provided to the Steins. The Court concludes as a matter of law that the Steins are entitled to a credit in the amount of $10,000.00, with such credit being applied to the final statement amount of $233,363.60. Thereby, leaving a final balance owed to Fava Design by the Steins in the amount of $223,363.60.

####    B.    Fava Design's Action for Unjust Enrichment

Given that the Court has found that the Plaintiff will recover under the theory of contract in

this case, the Plaintiff's action for unjust enrichment is not actionable. An action for unjust enrichment fails upon a showing that an express contract exists. *Williams v. Bear Stearns & Co.*, 725 So. 2d 397 (Fla. 5th DCA 1998).

### C.     Fava Design's Action for Open Account

In order to recover on an action for an open account the Plaintiff must establish that there is an unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement. *Central Ins. Underwriters, Inc. v. National Ins. Finance Co.*, 599 So. 2d 1371 (Fla. 3d DCA 1992); Fava Design established by a preponderance of the evidence that during the course of the Jupiter residence remodel project that Fava Design provided continuous interior design work, and goods sold and delivered to the Steins evidenced by ongoing invoices for work and labor, and goods sold and delivered to the Steins. Fava Design established that the Stein's received the invoices and paid the majority of the invoices, but then failed to pay Fava Design the remaining balance of $233,363.60 on the invoices submitted by Fava Design for the interior design work and purchasing services provided to the Steins by Fava Design. Therefore, the Court concludes as a matter of law that Fava Design is entitled to recover its remaining unpaid invoice under the theory of open account.

### D.     Fava Design's Action for Account Stated

In order to recover on an action for account stated, the plaintiff must demonstrate that the parties had agreed that a certain balance is correct and due, and that there was an express or implicit promise to pay the balance. *F.D.I.C. v. Brodie*, 602 So. 2d 1358 (Fla. 3d DCA 1992). Fava Design established by a preponderance of the evidence that the Parties agreed that the balance invoiced to the Steins was correct and due and owing to Fava Design, and that the Steins agreed to pay Fava Design the amount that was alleged to be due and owing. Therefore, the Court concludes as a matter of law that Fava Design is entitled to recover its remaining unpaid invoice under the theory of account stated.

### E. The Stein's Amended Counterclaim Action for Declaratory Judgment

As for Count I of the Amended Counterclaim, the Court concludes as a matter of law the Counterclaim Plaintiffs have failed to establish that they are entitled to a declaratory judgment from the Court declaring that Fava Design engaged in business as a contractor, thereby rendering the oral contract between the Parties for the Jupiter residence to be unenforceable pursuant to § 489.128, Fla. Stat.

### F. The Stein's Amended Counterclaim Action for Breach of Oral Contract

As for Count II of the Amended Counterclaim, the Court concludes as a matter of law that Fava Design did not breach the oral contract between the Parties in any manner whatsoever.

### G. The Stein's Amended Counterclaim Action for Violation of Florida's Deceptive and Unfair Trade Practices Act

As for Count III of the Amended Counterclaim, the Court concludes as a matter of law that neither Joseph Fava nor Fava Design performed services as an unlicensed contractor in violation of Violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.204, Fla. Stat., or provided any services for which a license was required.

## IV.     FAVA DESIGN'S DAMAGES

The Court concludes as a matter of law that Plaintiff, Fava Design, is entitled to judgment against the Defendants, Steins, in the amount of **$223,363.60,** [Final Statement amount of $233,363.60 **less** $10,000.00 payment made by Mr. Stein], together with an award of pre-judgment interest on that amount and prevailing party costs in the action.

## V.     COUNTERCLAIM DEFENDANTS' ENTITLEMENT TO AN AWARD OF PREVAILING PARTY ATTORNEYS' FEES

The Court concludes as a matter of law that Counterclaim Defendants, Joseph Fava and Fava Design, are entitled to an award of prevailing party attorneys' fees in the case. Count III of the

Amended Counterclaim asserts a statutory cause of action against Joseph Fava and Fava Design for Violation of Florida's Deceptive and Unfair Trade Practices Act pursuant to Fla. Stat. § 501.201. Section 501.2105 of the Act, <u>Attorney's Fees</u>, provides that in any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party.

Based upon the entry of judgment on Count III of the Counterclaim in favor of Joseph Fava and Fava Design against the Steins, Mr. Fava and Fava Design are entitled to an award of prevailing attorneys' fees and costs in an amount to be determined in a later proceeding.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS ORDERED AND ADJUDGED:**

1. Final Judgment on the Amended Complaint is hereby entered in favor of the Plaintiff, Fava Design Group, LLC, and against the Defendants, Andrew Stein and Wendy Stein, jointly and severally, in the total sum of $223,363.60, which shall bear interest at the statutory rate, for which let execution issue;

2. Final Judgment on the Amended Counterclaim is hereby entered in favor of the Counterclaim Defendants, Fava Design Group, LLC and Joseph Fava, and against the Counterclaim Plaintiffs, Andrew Stein and Wendy Stein. Counterclaim Plaintiffs shall take nothing by this action and go hence without day.

3. Counterclaim Defendants are entitled to an award of their reasonable attorneys' fees and costs in an amount to be determined in a later proceeding;

4. The Defendants shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments and serve it on the Plaintiff's attorney, Frank C. Miranda, Esquire, within 45 days from the date of this Final Judgment, unless the

Final Judgment is satisfied, or post judgment discovery is stayed;

5. The Court reserves jurisdiction to compel the Defendants to complete Form 1.997, including all required attachments.

6. The Court reserves jurisdiction to determine the award of the Counterclaim Defendants' reasonable attorneys' fees and costs to be recovered by the Counterclaim Defendants from the Counterclaim Plaintiffs.

7. The Court reserves jurisdiction to enforce this Final Judgment as necessary, including the entry of additional orders and grant further relief as the Court shall deem just and proper under the circumstances.

---

[1] On March 6, 2023, the Plaintiff filed its Motion to Amend Pleadings to Conform to the Evidence presented in the case. The purpose of the Motion was to amend Count I of the Amended Complaint to assert a cause of action for breach of an oral contract, rather than breach of a written contract.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>4th day of April, 2023</u>.

2020-020009-CA-01 04-04-2023 6:58 PM
Hon. Jose Rodriguez

**CIRCUIT COURT JUDGE**
Electronically Signed

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**
Diana Ciezczak, diana@fcmlaw.com
Frank C Miranda, frank@fcmlaw.com

Frank C Miranda, lourdes@fcmlaw.com
Frank C Miranda, melissa@fcmlaw.com
Joseph J Huss Esq., eservicefll@khllaw.com
Joseph J Huss Esq., jjh@khllaw.com
Michael G. St. Jacques II, michael@mgs2law.com
Michael G. St. Jacques II, amy@mgs2law.com

**Physically Served:**

COMPOSITE EXHIBIT B

STATE OF FLORIDA
MIAMI-DADE COUNTY
CASE NO.: 2020-020009-CA-01

# SUPERSEDEAS BOND

We, ANDREW STEIN AND WENDY STEIN, as principal(s) and NGM INSURANCE COMPANY, as surety, are held and firmly bound unto FAVA DESIGN GROUP, LLC, as obligee, in the amount of $257,716.92, for the payment of which we bind ourselves, our heirs, personal representatives, successors and assigns, jointly and severally.

THE CONDITION of this obligation is the Principal has entered an appeal to the Third District Court of Appeal to review the Final Judgment for Plaintiff on Contract Action rendered April 04, 2023.

NOW THEREFORE, if the Principal shall satisfy any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, attorney's fees, and damages for delay, use, detention and depreciation of property in the event said appeal is dismissed or said judgment is affirmed, but in no event to exceed the amount set out above, then this obligation shall be null and void; otherwise, to remain in full force and effect.

BOND NUMBER: S-942887

DATED:   July 19, 2023

_____
Principal or Attorney for Principal

NGM INSURANCE COMPANY

*[signature]*

Nicholas A. Hanley, Attorney-in-Fact
    and Florida Resident Agent

Approved on _____, 20____

_____
(Judge)(Clerk)(Deputy Clerk)

**NGM INSURANCE COMPANY**
A member of The Main Street America Group

**POWER OF ATTORNEY**
S-942887

**KNOW ALL MEN BY THESE PRESENTS:** That NGM Insurance Company, a Florida corporation having its principal office in the City of Jacksonville, State of Florida, pursuant to Article IV, Section 2 of the By-Laws of said Company, to wit:

"SECTION 2. The board of directors, the president, any vice president, secretary, or the treasurer shall have the power and authority to appoint attorneys-in-fact and to authorize them to execute on behalf of the company and affix the seal of the company thereto, bonds, recognizances, contracts of indemnity or writings obligatory in the nature of a bond, recognizance or conditional undertaking and to remove any such attorneys-in-fact at any time and revoke the power and authority given to them."

does hereby make, constitute and appoint   Nicholas A Hanley, William R Hanley, April Reagan   its true and lawful Attorney-in-fact, to make, execute, seal and deliver for and on its behalf, and as its act and deed bond number   S-942887   dated   July 19, 2023  ,
on behalf of   Andrew Stein and Wendy Stein
in favor of   Fava Design Group, LLC
for   Two Hundred Fifty Seven Thousand Seven Hundred Sixteen and 92/100   Dollars ($ 257,716.92   )
and to bind NGM Insurance Company thereby as fully and to the same extent as if such instrument was signed by the duly authorized officers of NGM Insurance Company; this act of said Attorney is hereby ratified and confirmed.

This power of attorney is signed and sealed by facsimile under and by the authority of the following resolution adopted by the Directors of NGM Insurance Company at a meeting duly called and held on the 2nd day of December 1977.

Voted: That the signature of any officer authorized by the By-Laws and the company seal may be affixed by facsimile to any power of attorney or special power of attorney or certification of either given for the execution of any bond, undertaking, recognizance or other written obligation in the nature thereof; such signature and seal, when so used being hereby adopted by the company as the original signature of such officer and the original seal of the company, to be valid and binding upon the company with the same force and effect as though manually affixed.

*IN WITNESS WHEREOF*, NGM Insurance Company has caused these presents to be signed by its Vice President, General Counsel and Secretary and its corporate seal to be hereto affixed this 26th day of September, 2019.

NGM INSURANCE COMPANY By: *Kimberly K. Law*

Kimberly K. Law
Vice President, General Counsel and Secretary

State of Florida,
County of Duval

On this 26th day of September, 2019 before the subscriber a Notary Public of State of Florida in and for the County of Duval duly commissioned and qualified, came Kimberly K. Law of NGM Insurance Company, to me personally known to be the officer described herein, and who executed the preceding instrument, and he acknowledged the execution of same, and being by me fully sworn, deposed and said that he is an officer of said Company, aforesaid: that the seal affixed to the preceding instrument is the corporate seal of said Company, and the said corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Company; that Article IV, Section 2 of the By-Laws of said Company is now in force.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed by official seal at Jacksonville, Florida this day 26th of September, 2019.

TERI S SHELTON
Notary Public - State of Florida
Commission # GG 368040
My Comm. Expires Sep 7, 2023
Bonded through National Notary Assn.

I, Nancy Giordano-Ramos, Vice President of NGM Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney executed by said Company which is still in force and effect.  IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company at Jacksonville, Florida this   19   day of   July  , 2023  .

WARNING: Any unauthorized reproduction or alteration of this document is prohibited.
TO CONFIRM VALIDITY of the attached bond please call **1-603-354-5281**.
TO SUBMIT A CLAIM: Send all correspondence to 55 West Street, Keene, NH 03431
Attn: Bond Claim Dept.or call our Bond Claim Dept. at 1-603-358-1437